OPINION
{¶ 1} Defendant-appellant, Anthony W. Smith, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, ordering him to pay child support to plaintiff-appellee, Angela Ruark, nka Humphrey. For the reasons that follow, we affirm that judgment.
 {¶ 2} On September 24, 1992, appellee gave birth to a daughter, Kansas. Appellant and appellee lived together but were never married. In 1993, the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, found appellant to be the child's father. However, the domestic court did not order appellant to pay child support because he was unemployed at the time. Kansas is now in appellee's custody and resides in her home, while appellant has moved out and has visitation with his daughter.
 {¶ 3} On January 10, 2003, appellee filed a motion to establish an award of child support from appellant. After a hearing, a magistrate recommended that appellant pay an award of child support in the amount of $239.26 per month. The magistrate based this amount on $16,640 annual income it imputed to appellant after finding that he was voluntarily unemployed. The magistrate retroactively applied this award to the date appellee filed her motion for child support, January 10, 2003. Appellant filed objections to the magistrate's decision, claiming that the decision was against the manifest weight of the evidence. The trial court overruled those objections, finding sufficient evidence to support the magistrate's determination that appellant was voluntarily unemployed.
 {¶ 4} Appellant appeals, assigning the following error:
The trial court erred in overruling the objections to the Report of the Magistrate that ordered Appellant to pay child support. {¶ 5} Appellant first argues that the trial court erred by imputing income to him in calculating an award of child support. Before a trial court may impute income to a parent, it must first find that the parent is voluntarily unemployed or underemployed. Inscoe v. Inscoe (1997),121 Ohio App.3d 396, 424; Marek v. Marek, 158 Ohio App.3d 750,2004-Ohio-5556, at ¶ 14. Whether a parent is voluntarily unemployed or underemployed is a determination within the trial court's discretion and will be upheld absent an abuse of discretion. Rock v. Cabral (1993),67 Ohio St.3d 108, at 112 (applying R.C. 3113.215, the predecessor to the current R.C. 3119.01). An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 6} Appellant contends that he is not voluntarily unemployed because his continuing back pain renders him physically unable to work. The trial court disagreed, noting appellant's conflicting explanations for why he was unable to pay child support and his lack of effort during the past 12 years to find a job that would accommodate his back injury. Except for a brief period of time when he worked at an auto service store, appellant has not worked in the past 12 years, nor has he sought employment during that time. Appellant contends his back injury causes him pain and prevents him from working. Yet appellant's chiropractor, Robert J. Kowalczuk, testified that the only restriction placed on appellant's activities was heavy lifting. Kowalczuk indicated that appellant's back condition did not prevent him from working entirely. Moreover, appellant admitted that he earned some money by working on friends' cars. This admission further supports the conclusion that appellant was capable of working. Given this evidence, the trial court did not abuse its discretion when it found that appellant was voluntarily unemployed.
 {¶ 7} Having found appellant to be voluntarily unemployed, the trial court next imputed income to appellant of $8 an hour for a total of $16,460 a year. When imputing income, the trial court determines what the parent would have earned if fully employed. R.C. 3119.01(C)(11)(a).[1]
The trial court must consider the parent's prior employment experience, education, disabilities, special skills and training, and the increased earning capacity because of experience. Id. It must also consider the availability of employment in the geographic area where the parent resides, the prevailing wage and salary levels in that area, evidence that the parent has the ability to earn the imputed income, the age and special needs of the children, and any other relevant factor. Id. The amount of potential income to be imputed to a parent is also a determination within the trial court's discretion. Rock, supra.
 {¶ 8} The trial court considered appellant's previous employment with an auto service store where he earned $9 an hour and his current ability to do some work on cars. Appellant also had some high school education and could read and write and do simple math. Although appellant did not have any mental disabilities, the trial court did take into account his back condition and the pain it causes. The trial court noted, however, that appellant had worked on friends' cars "on the side" over the years and also drove to Florida for a vacation with his daughter. The trial court also considered Kansas' age and the fact that she has no special needs above those of an average 11-year old. After considering all of these facts, the trial court determined that imputing $8 per hour of income to appellant was appropriate. Given appellant's circumstances, the trial court did not abuse its discretion by imputing income of $8 an hour. That hourly wage is less than what appellant earned at his previous job and is within the range of what someone with appellant's skills and experience could earn in a sedentary position.
 {¶ 9} Appellant also contends the trial court erred by not crediting him for payments he made to his child since January 10, 2003, the effective date of his child support obligation. Appellant testified that since that date, he gave Kansas $45 per month for her school lunches and approximately $60 to $70 a month for clothes. He now claims that it was error for the trial court to deny him a credit for these payments. We disagree.
 {¶ 10} Pursuant to R.C. 3121.45, any payments from the person responsible for support made directly to the child entitled to receive support payments instead of to the child support enforcement agency, shall be deemed to be a gift, unless such payment was made to satisfy another obligation. Appellant does not contend that the payments he made directly to Kansas were for another obligation. Therefore, the payments he has made since January 10, 2003 were gifts. R.C. 3121.45. The trial court did not abuse its discretion by refusing to credit these gifts toward his child support obligation.
 {¶ 11} Appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
Brown, P.J., and French, J., concur.
[1] R.C. 3119.01(C)(11)(b), not applicable here, also requires the trial court to consider non-income-producing assets of a parent.